IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIMAL JIT SINGH,

    Petitioner,                       No. CIV S-08-0825 MCE EFB P

    vs.

NANCY ALCANTER, et al.,

                                 ORDER

    Respondents.

_____/

    Petitioner is a citizen of Fiji who has been ordered removed from this country and who is detained in the Yuba County Jail. He is proceeding pro se with a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Respondents have filed a motion to dismiss. Also pending are two motions filed by petitioner's wife, including a motion for the appointment of counsel, and a "Motion for Stay of Removal."

    On February 4, 2009, respondents filed a motion to dismiss, arguing that because the petitioner was not within the custody of Immigration and Customs Enforcement ("ICE"), the petition for writ of habeas corpus should be dismissed for lack of jurisdiction. Resps.' Mot. to Dism. at 4. On September 2, 2009, however, respondents filed an amended response to the petition, stating that as of July 18, 2009, petitioner had entered the custody of ICE. Am. Resp. to Pet. at 1. In the amended response, respondents argue that petitioner's detention pending his

deportation is lawful and authorized and that therefore, the petition should be denied. *Id.* at 2. Based on respondents' amended response the court deems the motion to dismiss withdrawn.

On June 1, 2009, petitioner's wife filed a response to the motion to dismiss, as well as a motion for the appointment of counsel. *See* Dckt. No. 22. Thereafter, petitioner's wife filed a "Motion for Stay of Removal." *See* Dckt. No. 25. However, petitioner's wife, who does not state that she is an attorney, has no authority to represent others in court, even her husband. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986). While petitioner may submit papers prepared by someone other than himself, he must sign those papers or otherwise acknowledge that he wants them filed on his behalf. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.") Here, petitioner has not signed the motions filed by his wife on his behalf. Accordingly, the court will strike from the docket the above-referenced filings, without prejudice to their renewal by petitioner.

Accordingly, it hereby is ORDERED that:

1. Respondents' February 4, 2009 motion to dismiss is deemed withdrawn, in light of their amended response to the petition, filed September 2, 2009.

2. The June 1, 2009 response to the motion to dismiss and request for appointment of counsel, as well as the August 28, 2009 motion for a stay, are stricken and the Clerk of the Court shall make a notation on the docket to that effect.

3. Petitioner's reply, if any, to respondents' amended response to the petition, shall be filed and served within thirty days of the date of this order.

Dated: September 14, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE