IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIMAL JIT SINGH,

    Petitioner,   No. CIV S-08-0825 MCE EFB P

    vs.

NANCY ALCANTER, et al.,

    Respondents.   FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner, a detainee of U.S. Immigration and Customs Enforcement (ICE), has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. On September 24, 2009, respondent filed a motion to dismiss for mootness, informing the court that petitioner was removed to Fiji pursuant to a final order of removal on September 22, 2009.[1] Dckt. No. 31 at 1 (citing to *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991)). Attached to the motion is a copy of an "ICE EARM CASE SUMMARY," indicating that petitioner was removed to Fiji on September 22,

---

[1] On November 4, 2009, the court informed petitioner that failure to file a written opposition or a statement of no opposition may be deemed a waiver of any opposition to the motion, gave petitioner 30 days to file an opposition or statement of non-opposition and warned him that failure to do so would result in recommendation that this action be dismissed. *See* Fed. R. Civ. P. 41(b). The 30 days have passed and petitioner has not filed an opposition or a statement of no opposition and has not otherwise responded to the November 4, 2009 order.

2009.[2] Dckt. No. 31 at 3-4.

Under Article III, § 2 of the federal Constitution, a federal court's jurisdiction is limited to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP, Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations omitted). That is, a federal court does not have power to decide a matter that does not affect the rights of litigants in the case before it. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Mitchell v. Dupnik*, 75 F.3d 517, 527-28 (9th Cir. 1996). This court may only grant the petition for writ of habeas corpus if petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Since petitioner is no longer in custody, this action is moot.

Accordingly, it is RECOMMENDED that respondent's September 24, 2009 motion to dismiss be granted and that this action be dismissed for lack of jurisdiction as it is now moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

---

[2] Petitioner's wife also filed a letter on October 14, 2009, indicating that petitioner was removed to Fiji on September 22, 2009. Dckt. No. 32.

1  event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing
2  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
3  enters a final order adverse to the applicant).
4  Dated: January 13, 2010.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE